UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDY MARTINEZ, 14476-055,

                          Petitioner,

            v.

UNITED STATES OF AMERICA,

                          Respondent.

**DECISION AND ORDER**
09-CV-238A
06-CR-312A

---

This case comes before the Court on a motion by petitioner under 28 U.S.C. § 2255 to vacate his sentence. In particular, petitioner seeks to amend his sentence to remove a two-level enhancement imposed under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with possession of a quantity of cocaine base. Petitioner seeks the amendment of his sentence in an effort to persuade or pressure the Bureau of Prisons ("BOP") to accept him into a drug treatment program. For the reasons below, the Court denies petitioner's motion.

## BACKGROUND

On September 21, 2006, a grand jury returned a three-count indictment charging petitioner with possession of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 844(a), and possession of a firearm, in violation of 18 U.S.C. § 924(c)(1). On October 11, 2007, petitioner and his counsel entered a plea agreement with the government. In the plea agreement,

petitioner agreed to plead guilty to Count One of the indictment charging him with a violation of Section 841(a)(1). In paragraph eight of the plea agreement, petitioner agreed to the application of U.S.S.G. § 2D1.1(b)(1), a two-level sentencing enhancement for possession of a dangerous weapon including a firearm. In paragraphs 21 and 22 of the plea agreement, petitioner agreed to waive his right to an appeal or collateral attack of any sentence that fell within or below the proposed sentencing range of 70–87 months. On February 7, 2008, the government filed a Statement with Respect to Sentencing Factors in which it adopted the findings of the Pre-Sentence Report ("PSR") that petitioner's final offense level should be 25, Category I, with a proposed sentencing range of 57–71 months. Petitioner adopted the factual and legal findings of the PSR in a statement filed on February 8, 2008. Petitioner was sentenced on February 12, 2008 to the statutory minimum term of imprisonment of 60 months. At sentencing, after the sentence was announced, the Court advised petitioner's counsel that it would recommend petitioner for the 500-hour Residential Drug Abuse Treatment Program ("RDAP"), 28 C.F.R. § 550.53. The Clerk of the Court docketed the final judgment on February 21, 2008.

On March 16, 2009, petitioner filed the pending motion to vacate under 28 U.S.C. § 2255. Petitioner raised three issues in his motion papers. Petitioner argued that he has grounds to excuse the late filing of motion. Petitioner also asserted that he has a legal right to "Court-recommended" drug treatment while in

2

prison. Finally, petitioner claimed in his motion papers that the BOP has denied his entry into RDAP because of the two-level sentencing enhancement for possession of a firearm.[1] In response, petitioner requested removal of the sentencing enhancement from his sentence, not only because it supposedly was unjustified but also because removal would eliminate the only reason that the BOP had to exclude petitioner from RDAP.

In opposition to petitioner's motion, the government filed response papers on May 14, 2009. The government argued that petitioner's motion is untimely, that petitioner waived his right to a collateral attack on the sentence, and that the two-level sentencing enhancement was applied correctly.

## DISCUSSION

*Timeliness of Petitioner's Motion*

As a preliminary matter, the Court notes that petitioner's motion to vacate is untimely. Under 28 U.S.C. § 2255(f), petitioner had one year to file the pending motion, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created

---

[1] Why petitioner would be ineligible for RDAP for this reason is not clear. Petitioner has not furnished a copy of BOP Program Statement No. 5162.04, a document that supposedly confirms petitioner's assertion. Petitioner's assertion is not apparent from 28 C.F.R. § 550.53, the regulation establishing RDAP. Nonetheless, since there are other reasons requiring a denial of petitioner's motion, the Court will assume generally that something about the sentencing enhancement in question prompted the BOP to exclude petitioner from RDAP.

3

> by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Based on the information that petitioner has submitted with his motion papers, Subsection 2255(f)(1) appears to be the only deadline that applies to the pending motion. Petitioner's judgment became final when it was docketed on February 21, 2008. Petitioner never took or perfected an appeal in this case. Therefore, petitioner had until February 21, 2009 to make the pending motion. Petitioner has not offered any reason why the issues that he brings to the Court's attention now could not have been raised earlier than February 21, 2009. This Court thus lacks any authority under 28 U.S.C. § 2255 to address the issues that petitioner has raised in the pending motion.

*Authority to Grant the Requested Relief*

Even if petitioner had filed the pending motion timely or if grounds had existed to excuse the late filing, this Court would have no authority to grant the relief that petitioner seeks. The plea agreement and the transcripts of the plea allocution and sentencing show that petitioner accepted the charges and sentencing factors that formed the basis of his current sentence. This Court will not now permit objections that petitioner knowingly and voluntarily waived. In his motion papers, however, petitioner states that he now wishes to have the two-level firearm enhancement removed from his sentence to allow him to participate in RDAP. In effect, then, the pending motion is an indirect attempt by petitioner to have this Court interfere with a decision of the BOP. Although this Court did comment briefly at sentencing that it would recommend petitioner for RDAP, the transcript of petitioner's sentencing makes clear that no part of the sentence was conditioned on actual acceptance of petitioner into any programs. *Cf. Simpson v. U.S.*, No. 03-CV-691, 2005 WL 3159657, at *17–18 (N.D.N.Y. Nov. 25, 2005) ("This Court is well aware that the ultimate decision as to whether an inmate will be accepted into the BOP's Drug Treatment Program rests with the BOP . . . . [I]t is clear that the Court merely *recommended* that Petitioner *be allowed* to participate in that program, *after* it imposed sentence on Petitioner . . . . The Court clearly did not base Petitioner's sentence, in any way, on an assumption that he would be accepted into the BOP's Drug Treatment Program . . . .").

Additionally, petitioner cannot claim any legal right to RDAP because "there is no constitutional or statutory right to . . . participation in the prison drug rehabilitation program." *See Saunders v. U.S.*, No. 07-CV-3726, 2007 WL 4264579, at *1 (E.D.N.Y. Nov. 30, 2007) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)) (other citations omitted); *see also Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006) ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility.") (citation omitted). The Court thus has no authority to use direct or indirect means to force petitioner into the drug treatment program that he seeks.

## CONCLUSION

In this case, petitioner accepted the circumstances that led to his current sentence and waived his right to object to them. This Court now has no authority to undo petitioner's voluntary actions, especially on an untimely motion and when the stated purpose is to try to impose improperly on the BOP's authority to manage its treatment programs. Accordingly, and for the reasons stated above, petitioner's motion is denied in its entirety. The Clerk of the Court is directed to close the civil case associated with this motion.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: June 15, 2009